UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GERTRUDE WARTH,

    Plaintiff,

v.

CONVERGENT OUTSOURCING INC,

    Defendant.

_____/

Case No. 6:22-cv-00107- CEM-EJK

**DEFENDANT, CONVERGENT OUTSOURCING, INC.'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, Convergent Outsourcing, Inc. (COI), through counsel and under the Federal Rules of Civil Procedure, submits this Answer and Affirmative Defenses to the Complaint filed by plaintiff, Gertrude Warth (plaintiff), and states:

**JURISDICTION AND VENUE**

1.     COI denies the allegations in ¶ 1.

2.     COI denies the allegations in ¶ 2.

3.     COI denies the allegations in ¶ 3.

4.     COI denies the allegations in ¶ 4 as calling for a legal conclusion.

**PARTIES**

5.     Upon information and belief, COI admits the allegations in ¶ 5.

6. COI admits it is a corporation and has an office located in Renton, Washington. Except as specifically admitted, COI denies the allegations in ¶ 6.

## DEMAND FOR JURY TRIAL

7. COI admits plaintiff purports to demand a jury trial, but denies any violations, liability, and wrongdoing under the law. Except as specifically admitted, COI denies the allegations in ¶ 7.

## FACTUAL ALLEGATIONS

8. COI admits plaintiff's account was placed with it for collection. Except as specifically admitted, COI denies the allegations in ¶ 8.

9. COI denies the allegations in ¶ 9 for lack of knowledge or information sufficient to form a belief therein.

10. COI denies the allegations in ¶ 10 for lack of knowledge or information sufficient to form a belief therein.

11. COI admits part of its business is the collection of debts. Except as specifically admitted, COI denies the allegations in ¶ 11.

12. COI admits part of its business is the collection of debts. Except as specifically admitted, COI denies the allegations in ¶ 12.

13. COI admits part of its business is the collection of debts owed to others. Except as specifically admitted, COI denies the allegations in ¶ 13.

14. Upon information and belief, COI admits the allegations in ¶ 14.

15. Upon information and belief, COI admits the allegations in ¶ 15.

16. COI denies the allegations in ¶ 16.

17. COI denies the allegations in ¶ 17.

18. COI denies the allegations in ¶ 18.

19. COI denies the allegations in ¶ 19.

20. COI denies the allegations in ¶ 20.

21. COI denies the allegations in ¶ 21 as calling for a legal conclusion.

22. COI denies the allegations in ¶ 22 as calling for a legal conclusion.

23. COI denies the allegations in ¶ 23.

24. COI denies the allegations in ¶ 24.

25. COI denies the allegations in ¶ 25.

26. COI denies the allegations in ¶ 26.

27. COI denies the allegations in ¶ 27.

28. COI denies the allegations in ¶ 28.

29. COI denies the allegations in ¶ 29.

30. COI denies the allegations in ¶ 30.

31. COI denies the allegations in ¶ 31.

32. COI denies the allegations in ¶ 32.

33. COI denies the allegations in ¶ 33.

34. COI denies the allegations in ¶ 34.

## COUNT 1
## VIOLATION OF 15 U.S.C. § 1692c(b)

35. COI reasserts the foregoing as if fully stated herein.

36. The FDCPA speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 36 state otherwise, denied.

37. COI denies the allegations in ¶ 37.

38. COI denies the allegations in ¶ 38, including subparts [1] – [3].

## COUNT 2
## VIOLATION OF 15 U.S.C. § 1692e, § 1692e(2)(A), § 1692e(5), & § 1692e(l0)

39. COI reasserts the foregoing as if fully stated herein.

40. COI denies the allegations in ¶ 40.

41. Fla. Stat. § 559.553(1) speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 41 state otherwise, denied.

42. Fla. Stat. § 559.5556(1) speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 42 state otherwise, denied.

43. Fla. Stat. § 559.5556(3) speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 43 state otherwise, denied.

44. Rule 69V-180.080 speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 44 state otherwise, denied.

45. Rule 69V-180.080 speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 45 state otherwise, denied.

46. Rule 69V-180.090 speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 46 state otherwise, denied.

47. COI denies the allegations in ¶ 47.

48. COI denies the allegations in ¶ 48.

49. COI denies the allegations in ¶ 49.

50. COI denies the allegations in ¶ 50.

51. COI denies the allegations in ¶ 51, including subparts [1] – [3].

## COUNT 3
## VIOLATION OF FLA. STAT. § 559.72(5)

52. COI reasserts the foregoing as if fully stated herein.

53. The FCCPA speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 53 state otherwise, denied.

54. COI denies the allegations in ¶ 54.

55. COI denies the allegations in ¶ 55, including subparts [1] – [4].

## COUNT 4
## VIOLATION OF 15 U.S.C. § 1692g(a)(1) and § 1692e(2)(A)

56. COI reasserts the foregoing as if fully stated herein.

57. COI denies the allegations in ¶ 57.

58. COI denies the allegations in ¶ 58.

59. The FDCPA speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 59 state otherwise, denied.

60. COI denies the allegations in ¶ 60.

61. COI denies the allegations in ¶ 61.

62. COI denies the allegations in ¶ 62 as calling for a legal conclusion.

63. COI denies the allegations in ¶ 63.

64. COI denies the allegations in ¶ 64.

65. COI denies the allegations in ¶ 65, including subparts [1] – [3].

## COI'S AFFIRMATIVE DEFENSES

1. Upon information and belief, this Court lacks jurisdiction due to the presence of mandatory, binding arbitration clause in the underlying agreement. Therefore, the complaint should be dismissed, and plaintiff should be compelled to arbitrate this matter.

2. Pursuant to 15 U.S.C. § 1692k(c), to the extent that any violations are established, any such violations were not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adopted and specifically intended to avoid any such error, including specific policies and procedures implemented to protect account information and prevent third-party disclosure.

3. COI denies any liability; however, regardless of liability, plaintiff has suffered no actual damages as a result of COI's purported violations.

4. One or more claims asserted by plaintiff is barred by the statute of limitations, laches, estoppel, waiver and/or unclean hands.

5. Assuming that plaintiff suffered any damages, she has failed to mitigate her damages or take other reasonable steps to avoid or reduce her damages.

6. Any harm suffered by plaintiff was legally and proximately caused by persons or entities other than COI and were beyond the control or supervision of COI or for whom COI was and is not responsible or liable.

7. Plaintiff has failed to state a claim against COI upon which relief may be granted.

WHEREFORE, Defendant, Convergent Outsourcing, Inc., requests the Court dismiss this action with prejudice and grant it any other relief the Court deems appropriate.

Date: January 25, 2022

Respectfully submitted,

/s/Ashley Wydro
Ashley Wydro, Esq.
Florida Bar No. 0106605
Dayle M. Van Hoose, Esq.
Florida Bar No. 0016277
SESSIONS, ISRAEL & SHARTLE, L.L.C.
3350 Buschwood Park Drive, Suite 195
Tampa, Florida 33618
Telephone: (813) 440-5327
Facsimile: (877) 334-0661

> awydro@sessions.legal
> dvanhoose@sessions.legal
> *Counsel for Defendant,*
> *Convergent Outsourcing, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of January 2022, a copy of the foregoing was filed electronically in the CM/ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiff's counsel as described below.

Jibrael S. Hindi, Esq.
Thomas J. Patti, Esq.
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, FL 33301
jibrael@jibraellaw.com
tom@jibraellaw.com

> */s/ Ashley Wydro*
> Attorney